UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TITO ROOSEVELT,

                              Petitioner,

      -vs-                                **No. 6:15-cv-06738(MAT)**
                                                      **DECISION AND ORDER**
HAROLD GRIFFIN,

                              Respondent.

**I.   Introduction**

This habeas proceeding pursuant to 28 U.S.C. § 2254 was commenced by *pro se* petitioner Tito Roosevelt ("Roosevelt" or "Petitioner"). Petitioner is currently incarcerated pursuant to a judgment entered on March 18, 2013, in New York State, Erie County Court (Pietruszka, J.), following a jury verdict convicting him of second-degree criminal possession of a weapon (N.Y. Penal Law § 265.03(3)), second-degree forgery (*Id.*, § 170.10(2)), and false personation (*Id.*, § 190.23).

On March 27, 2018, this Court issued a Decision and Order (Docket No. 18) denying Petitioner's request for a writ of habeas corpus and declining to issue a certificate of appealability.

On April 4, 2018, Roosevelt filed a pleading he described as a "motion to objection" to the Court's decision and order pursuant to "28 USC 2253(c)(2)" and "FRCP 46, 55(A)(B)(2)(c)(D)(c)(D)." Respondent filed an affidavit in opposition. Roosevelt did not submit any reply papers. For the reasons discussed below, the motion is denied.

## II. Discussion

"[W]here a post-judgment motion is timely filed and 'calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.'" *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir. 1982) (quoting *Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978)). Petitioner's post-judgment motion was styled as a "motion to objection" under "28 USC 2253(c)(2)" and "FRCP 46, 55(A)(B)(2)(c)(D)(c)(D)." Title 28 U.S.C., § 2253(c)(2) addresses the requirements for granting a certificate of appealability, which this Court has already denied. The Court is unsure what Petitioner means by his reference to "FRCP 46, 55(A)(B)(2)(c)(D)(c)(D)." FRCP 46 provides that "[a] formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made." FED. R. CIV. P. 46. This rule applies to objections rulings by the district court during a trial and is inapplicable in this context.

FRCP 55 pertains to the entry of default judgment against a party. Again, this rule is inapplicable in this context. Moreover, the subsections cited by Petitioner do not exist.

Because Petitioner's pending motion was timely filed under F.R.C.P. 59(e), and appears to "call into question the correctness of the dismissal[,]" *Lyell Theatre Corp.*, 682 F.2d at 41, of his petition. Therefore, the Court shall treat Petitioner's application as a motion to alter the judgment under F.R.C.P. 59(e).

"There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. . . . Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law." 11 FED. PRAC. & PROC. CIV., Grounds for Amendment or Alteration of Judgment, § 2810.1 (3d ed.) (footnotes omitted).

As Respondent argues, Petitioner has not identified any errors in the Court's decision and order; nor has he set forth any argument or legal grounds why he "objects" to the Court's dismissal of his habeas petition. In short, Petitioner has not specified any basis on which he believes the Court should alter or amend its judgment. Therefore, the Court must deny his motion.

**III. Conclusion**

For the foregoing reasons, Petitioner's motion is denied with prejudice. The Court declines to issue a certificate of

appealability, as Petitioner has failed to make a substantial showing of the denial of a constitutional right.

**SO ORDERED.**

S/Michael A. Telesca

_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated: July 16, 2018
Rochester, New York.